UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MICHAEL SCHIBI, | : | PRISONER CASE NO. |
| Plaintiff, | : | 3:17-cv-128 (JCH) |
| | : | |
| v. | : | |
| | : | |
| COMM'R SCOTT SEMPLE, ET AL. | : | |
| Defendants. | : | MARCH 19, 2018 |

**RULING ON MOTION FOR SUMMARY JUDGMENT (DOC. NO. 25)**

On January 27, 2017, the plaintiff, Michael Schibi ("Schibi"), a former inmate of the Connecticut Department of Correction, filed a Complaint pro se pursuant to title 42 section 1983 of the United States Code against Commissioner of Correction Scott Semple, Dr. Johnny Wu, Dr. Syed Naqvi, Dr. Pillia, MaryAnn Castro, MaryAnn Rodriguez, and two unidentified correction officials for acting with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment and his Fourteenth Amendment right to due process.[1] Complaint ("Complaint") (Doc. No. 1). On April 13, 2017, this court issued its Initial Review Order permitting Schibi's Eighth and Fourteenth Amendment claims to proceed against the defendants. Initial Review Order (Doc. No. 7) at 5–6. The defendants answered the Complaint on July 9, 2017. Answer (Doc. No. 15).

---

[1] In his Complaint, Schibi argued that "[t]he defendants' actions and/or omissions resulted in [him] being subjected to cruel and unusual punishment in violation of the protections of his 8th and 14th Amendment rights to the U.S. Constitution." Compl. ¶ 1. The court permitted both claims to proceed. As shown below, however, the Fourteenth Amendment claim is duplicative of the Eighth Amendment claim and, therefore, should be dismissed. See note 4, infra.

On December 29, 2017, the defendants filed their Motion for Summary Judgment along with a Memorandum of Law and supporting exhibits. Motion for Summary Judgment (Doc No. 25). Dr. Wu argues that he is entitled to summary judgment because the evidence submitted shows that he and other officials in the Department of Corrected provided adequate treatment for Schibi's medical condition. Defendants' Memorandum of Law in Support of Motion for Summary Judgment ("Defs.' Mem.") (Doc. No. 25-1) at 3-7. The remaining defendants argue they were not personally involved in the alleged constitutional deprivations. Id. at 7–8. Alternatively, all defendants argue that they are entitled to qualified immunity. Id. at 8. Schibi had until February 28, 2018, to submit his response to the defendants' motion but failed to do so.[2]

For the following reasons, the defendants' Motion for Summary Judgment (Doc. No. 25) is granted.

## I. STANDARD OF REVIEW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law" and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1988) (mere existence of alleged factual dispute will not defeat

---

[2] At the time he filed his Complaint, Schibi was confined at Osborn Correctional Institution in Somers, Connecticut. His response to the Motion for Summary Judgment was initially due on January 19, 2018. See Order No. 25. Although Schibi failed to notify the court in violation of Local Rule of Civil Procedure 83.1(c)(2), the court later learned that Schibi was subsequently placed in a community release program, and he currently resides at a reentry facility in Waterbury, Connecticut. See Order No. 26. Despite mailing to Schibi at his new address a copy of the defendants' Motion and an Order to Respond by February 28, 2018, Schibi has not submitted a response to date.

2

summary judgment motion). The moving party may satisfy this burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curium) (internal citations omitted).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the nonmoving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." Id.; see also First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289 (1968) (nonmoving party must submit sufficient evidence supporting claimed factual dispute to require factfinder to resolve parties' differing versions of truth at trial).

In reviewing the record, the court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc., 716 F.3d 302, 312 (2d Cir. 2013). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the non-moving party for the issue on which summary judgment is sought, then summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

## II.    FACTUAL ALLEGATIONS[3]

Schibi has been incarcerated in the Connecticut Department of Corrections since 2010. Defs.' Ex. 1 (Doc. No. 25-3). Dr. Wu is a licensed physician in the state of Connecticut and worked as the Director of Medical Services at UConn Health from June 2012 to March 2017. Defendants' Local Rule 56(a)1 Statement ("Defs.' 56(a)1 Stmt.") at ¶¶ 1–2. He chaired the Utilization Review Committee and co-chaired the Hepatitis C Utilization Review Board at UConn. Id. at ¶¶ 3–4.

On December 5, 2013, correctional medical staff performed a Hepatitis C screening test on Schibi. Defs.' 56(a)1 Stmt. at ¶ 12. Pursuant to Hepatitis C treatment guidelines available at the time, Schibi needed to be monitored with serial liver function tests for at least six months to establish chronicity and evaluated for immunity to Hepatitis A and B. Id. at ¶ 13. Results of the screening later showed that Schibi did not have proper immunity to Hepatitis B and, thus, required vaccinations over a course of six months. Id. at ¶ 14. At the time, "there was no FDA-approved single oral direct-acting antiviral (DAA) drug to treat [Schibi] . . . ." Id. at ¶ 21; Declaration of Dr. Johnny Wu, Defs.' Ex. 2 ("Wu Decl.")(Doc No. 25-5) at ¶ 15.

In August 2014, Schibi brought a medical habeas corpus Petition in state court. Defs.' 56(a)1 Stmt. at ¶ 8. One of the issues asserted in the petition was a demand for

---

[3] The following factual allegations are taken from the defendant's Local Rule 56(a)1 Statement and the supporting exhibits. Rule 56(a)1 of the District of Connecticut Local Rules of Civil Procedure provides that "[a]ll material facts set forth in [the moving party's Local Rule 56(a)1 Statement] and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2." Because Schibi has not opposed the Motion for Summary Judgment with a Local Rule 56(a)2 Statement to counter the facts stated in the defendants' Local Rule 56(a)1 Statement, the court will deem admitted all facts in the defendants' Statement.

4

Hepatitis C treatment. Defs.' 56(a)1 Stmt. at ¶ 8; Compl. at ¶ 12. Schibi later withdrew his Petition. Defs.' 56(a)1 Stmt. at ¶ 9; Defs.' Ex. 2 (Doc No. 25-4).

On June 15, 2015, Schibi met the criteria for consideration of treatment for chronic Hepatitis C infection. Defs.' 56(a)1 Stmt. at ¶ 15. He was classified as genotype 4, a less common form of Hepatitis C that is more difficult to treat, and his viral load before starting therapy was 131,000 IU/ml, a relatively low number. Id. at ¶¶ 14, 16. After reviewing his treatment workup, Dr. Wu and the Hepatitis C Utilization Review Board approved Schibi for Hepatitis C treatment on July 27, 2016. Wu Decl. at ¶ 11. Schibi started his Hepatitis C treatment on August 19, 2016, through the use of a newly-approved medication called Epclusa. Defs.' 56(a)1 Stmt. at ¶ 17. The FDA approved Epclusa in late June 2016. Id. at ¶ 22.

Schibi took Epclusa daily for a twelve-week period until November 11, 2016. Defs.' 56(a)1 Stmt. at ¶ 19. According to Dr. Wu, Schibi tolerated the medication very well with no adverse effects. Wu Decl. at ¶ 12. Schibi denied experiencing headaches, fatigue, abdominal pain, nausea, vomiting, diarrhea, fevers, or skin rashes. Id. A Hepatitis C viral load conducted on or about November 17, 2016 was undetectable. Id. Schibi is now cured of Hepatitis C infection. Defs.' 56(a)1 Stmt. at ¶¶ 11, 23.

## III. ANALYSIS

Dr. Wu argues that he is entitled to summary judgment because Schibi has not presented any evidence upon which a reasonable jury could find that Wu or any of the defendants acted with deliberate indifference to his medical condition. Wu further contends that his evidence "indicates that Department of Correction staff . . . appropriately treated [Schibi]" for his Hepatitis C. Defs.' Mem. at 6. The remaining defendants argue that there is insufficient evidence of their personal involvement in the

alleged constitutional deprivation.  Id. at 7–8.  Absent any response from Schibi, the court agrees with the defendants that they are entitled to summary judgment.

Deliberate indifference to a serious medical need occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  Harrison v. Barkley, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  In order to prevail on his deliberate indifference claim, Schibi must prove at trial both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)).  There are both objective and subjective components to the deliberate indifference standard.  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  Objectively, the alleged deprivation must be "sufficiently serious."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Subjectively, the defendants must have been actually aware of a substantial risk that Schibi would suffer serious harm as a result of their conduct.[4]  See Salahuddin v. Goord, 467 F.3d 263, 280–81 (2d Cir. 2006).

---

[4] Schibi brought his deliberate indifference claim under the Eighth and Fourteenth Amendments to the United States Constitution.  See Compl. at ¶ 1.  In its Initial Review Order ("IRO"), the court permitted Schibi's "Eighth and Fourteenth Amendment claims of deliberate indifference to medical needs" to proceed against the defendants; Initial Review Order at 5.  However, in the IRO, the court treated the Fourteenth Amendment as applicable to the extent that it is only through the Fourteenth Amendment that the Eighth Amendment applies to state officials.  Id. at 4.  In their Motion for Summary Judgment, however, the defendants treat Schibi's Fourteenth Amendment claim as a stand-alone deliberate indifference claim.  See Defs.' Mem. at 2–3.  Relying on the Second Circuit's decision in Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009), the defendants argue that the deliberate indifference standard is the same for both the Eighth and Fourteenth Amendment claims.  Defs. Mem. at 3.

The defendants' reliance on Caiozzo is misplaced as that case has since been overruled by Darnell v. Pineiro, 849 F.3d 17 (2d Cir. 2017).  There, the Second Circuit held that deliberate indifference claims brought by pretrial detainees under the Due Process Clause of the Fourteenth Amendment are governed by a different, objective standard.  Id. at 35.  The "detainee must show that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to . . . mitigate the risk that the condition posed to the . . . detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."  Id. By contrast, to establish an Eighth Amendment claim, a sentenced prisoner must show that the official had subjective awareness of a

Moreover, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not a cognizable claim under section 1983. See Salahuddin, 467 F.3d at 280; Harrison, 219 F.3d at 139.

In their Motion for Summary Judgment, the defendants do not attempt to establish that Schibi has not satisfied the objective prong of the deliberate indifference standard. They do argue, however, that they were not "'subjectively' indifferent to the plaintiff's health or safety." Defs.' Mem. at 4 (quoting Farmer, 511 U.S. at 834). In support of this argument, the defendants attach the sworn Declaration of Dr. Wu, in which Dr. Wu states that Schibi was treated for Hepatitis C as soon as the appropriate treatment was approved. See Wu Decl. at ¶¶ 11–13. Dr. Wu swears that Schibi received medically appropriate treatment at all relevant times. Id. at ¶ 18. The evidence presented by the defendants shows that Dr. Wu and clinical staff for the Department of Correction placed Schibi on an adequate treatment regimen in 2016

---

substantial risk that the prisoner would suffer serious harm. See Salahuddin v. Goord, 467 F.3d 263, 280–81 (2d Cir. 2006).
    Nevertheless, this court need not apply the distinct Fourteenth Amendment standard to Schibi's deliberate indifference claim because, at all relevant times during which the events giving rise to his Complaint occurred, Schibi was a sentenced prisoner, not a pretrial detainee. See Compl. at ¶ 5. The delay in treatment of which he complains must, therefore, be analyzed under the Cruel and Unusual Punishment Clause of the Eighth Amendment. See Darnell, 849 F.3d at 35 (distinguishing deliberate indifference under Eighth Amendment as form of punishment). Consequently, as the court concluded in its IRO, Schibi's reference to the Fourteenth Amendment is relevant only to the extent that it applies the Eighth Amendment to state officials. See Graham v. Connor, 490 U.S. 386, 395 (1989) (generalized notion of substantive due process under Fourteenth Amendment not applicable where other amendment provides explicit textual source of constitutional protection against alleged government conduct).

when the drug became available. This treatment regimen ultimately cured Schibi of his Hepatitis C.

Schibi, on the other hand, has not presented any evidence as to the defendants' states of mind. See, e.g., Palacio v. Ocasio, 02 Civ. 6726 (PAC) (JCF), 2006 WL 2372250, at *11 (S.D.N.Y. Aug. 11, 2006) (no Eighth Amendment violation when inmate presented no evidence that correction officials deliberately delayed treatment). Thus, the only evidence in the record shows that the defendants provided adequate treatment for Schibi's condition.

Because Schibi has chosen not to present any evidence to the contrary, no reasonable jury could conclude that the defendants violated his constitutional rights. See PepsiCo, Inc., 315 F.3d at 105 (party moving for summary judgment may satisfy his burden "by showing . . . that there is an absence of evidence to support the nonmoving party's case"). Therefore, the defendants are entitled to summary judgment.

## IV. CONCLUSION

The defendants' Motion for Summary Judgment (Doc. No. 25) is **GRANTED**. The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED**.

Dated this 19th day of March 2018, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge